**IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.<br><br>Plaintiff,<br><br>v.<br><br>TT CLUB MUTUAL INSURANCE LTD.,<br><br>Defendant. | Case No. 2:23-cv-3696<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY RELIEF;**<br>**2. EQUITABLE SUBROGATION; and**<br>**3. EQUITABLE INDEMNIFICATION**<br><br>28 U.S.C. § 1332 |

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), for its claims against Defendant TT Club Mutual Insurance Ltd. ("TT Club"), alleges as follows:

**THE PARTIES**

1. National Union is an insurance company organized and existing under the laws of the State of Pennsylvania, with its principal offices in New York, New York.

2. TT Club is an insurance company organized and existing under the laws of the Country of the United Kingdom, with its principal U.S. office in Jersey City, New Jersey.

**JURISDICTION AND VENUE**

3. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the jurisdictional sum of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over TT Club because of TT Club's business activities in the State of Ohio.

5. The Court may declare the rights and other legal relations of National Union and TT Club pursuant to 28 U.S.C. § 2201 because an actual controversy exists between them within the jurisdiction of the Court.

6. Venue is appropriate pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this District.

# BACKGROUND

## The *Moyer* Action

7. Stephen Moyer, as the administrator of the estate of Charlotte J. Finck, Sarah Popovich and Charles Popovich (collectively referred to as "Underlying Plaintiffs"), initiated a lawsuit on September 26, 2019 against Greatwide Dallas Mavis LLC ("Greatwide"), Simbad LLC ("Simbad"), and Bakhadir Kuzikov ("Kuzikov"). The lawsuit is captioned, *Moyer et al. v. Simbad LLC, et al.,* Franklin County Court of Common Pleas, Case No. 19CV007808 ("*Moyer* action").

8. A First Amended Complaint ("FAC") was filed on August 18, 2020, and is the operative pleading.

9. The FAC alleges that a motor vehicle accident occurred on March 26, 2019, in Franklin County, Ohio, when a tractor-trailer driven by Kuzikov allegedly crashed into the back of Sarah Popovich's car, in which Charlotte J. Finck was a passenger.

10. The FAC alleges Greatwide entered into a contract with Alton Steel, Inc. to haul a shipment from Alton, Illinois, to Painesville, Ohio. Greatwide then purportedly assigned the load to Simbad.

11. The FAC claims Simbad's employee, Defendant Kuzikov, drove the load using Simbad's tractor-trailer. The Underlying Plaintiffs contend Greatwide "knew, or recklessly chose not to know" that Simbad and its drivers were unsafe.

12. Based on these allegations, among others, the FAC alleged the following claims against Greatwide: (1) negligence/negligence per se/recklessness; and (2) loss of consortium.

## The TT Club Policy

13. TT Club issued to Evans Delivery Company, Inc. ("Evans") a Transporter Operator Policy under number 8227/1207/002 for the period of October 30, 2017 to June 28, 2019 ("TT Club Policy"). A true and correct copy of the TT Club Policy is attached hereto as Exhibit "A."

14. Greatwide qualifies as a named insured on the TT Club Policy, which has limits of $5,000,000 per accident, and provides, in relevant part:

**T3 THIRD PARTY LIABILITIES**

**1 We insure you for your liability:**

1.1. for the following, including resulting consequential loss:
    1.1.1 physical loss/damage to third party property
    1.1.2 death, injury or illness of any third party

…

**G5 DEFINITIONS**
...

**Death, injury or illness**
Includes hospital, medical and funeral expenses
….

**Third party**
Anyone other than us, the assured or a joint assured (or co-assured)
…

**Third party property**
any property of a third party *except*:
- cargo
- property leased to the assured or a joint assured
  (*for example*: equipment, land or buildings)

\*    \*    \*

**The National Union Policy**

15. National Union issued a Motor Carrier Liability policy to Evans under number 358-47-03 for the period June 28, 2018 to June 28, 2019 ("National Union Policy"). Greatwide qualifies as a named insured on the National Union Policy, a true and correct copy of which is attached hereto as Exhibit "B."

16. The National Union Policy has limits of $2,000,000 per accident and provides, in relevant part:

**SECTION II – LIABILITY COVERAGE**

**A.** **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

**SECTION V – MOTOR CARRIER CONDITIONS**

…

**B.** **General Conditions**

…

    **5.** **Other Insurance – Primary And Excess Insurance Provisions**

        **a.** While any covered "auto" is hired or borrowed from you by another "motor carrier," this Coverage Form's liability coverage is:

            **(1)** Primary if a written agreement between you and the lessor and the other "motor carrier" as the lessee required you to hold the lessee harmless.

            **(2)** Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

        **b.** While any covered "auto" is hired or borrowed by you from another "motor carrier" this Coverage Form's liability coverage is:

            **(1)** Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

            **(2)** Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

        **c.** While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

            **(1)** Provided on the same basis, either primary or excess, as the liability coverage provided for the power unit if the power unit is a covered "auto".

            **(2)** Excess if the power unit is not a covered "auto".

4

      **d.**    Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

      **e.**    Except as provided in paragraphs **a., b., c.** and **d.** above, this Coverage Form provided primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

…

**SECTION VII – DEFINITIONS**

. . .

**B**.    "Auto" means:

    **1.**    A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

    **2.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\*     \*     \*

17.    TT Club agreed to provide a defense to Greatwide subject to a reservation of rights.

18.    By letter dated March 8, 2021 ("ROR"), National Union advised Greatwide that it "agree[d] to handle the lawsuit subject to a reservation of rights under the National Union Policy, but because the National Union Policy is excess to the TT Club Policy, National Union has no present obligation to respond to the lawsuit."

19.    By letter dated June 20, 2022 ("June 20 Letter"), National Union separately informed TT Club that "National Union's coverage is excess to any other policy providing primary coverage" and thus "National Union has no obligation to respond to the lawsuit unless and until the limits of any applicable additional insurance is properly exhausted, including the TT Club Policy." The June 20 Letter further advised TT Club that National Union "continues to reserve all rights under the Policy and the law, whether in contract or equity."

20.    TT Club disputed its coverage was primary to coverage provided by the National Union Policy.

21. Because of the dispute with TT Club, under protest and subject to the reservation of the right to seek recovery, National Union informed TT Club that National Union would participate on a 50/50 basis with TT Club in an attempt to resolve all claims against the mutual insured, Greatwide.

22. On or around July 1, 2022, the *Moyer* action reached a global settlement for a sum that well exceeds the jurisdictional limit of the court.

23. As National Union's coverage is excess to the coverage provided by TT Club, National Union now seeks to recover its settlement contribution from TT Club.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

24. National Union incorporates by reference paragraphs 1 through 23, inclusive, as though fully set forth and pleaded herein.

25. TT Club does not dispute the TT Club Policy provides coverage to Greatwide relative to the *Moyer* action.

26. Pursuant to paragraph "e." of the "Other Insurance – Primary and Excess Insurance Provisions" of the National Union Policy, "this Coverage Form provides primary insurance for any covered 'auto' you own and excess insurance for any covered 'auto' you don't."

27. Greatwide does not own the tractor-trailer involved in the accident.

28. Consequently, pursuant to paragraph "e." of the "Other Insurance – Primary and Excess Insurance Provisions," the National Union Policy is excess to the TT Club Policy. TT Club disputes the contention.

29. A declaratory judgment will settle the controversy; will serve a useful purpose in clarifying the legal relations at issue; and will be the appropriate remedy in this case. Therefore, National Union requests a declaration of the limitations, rights and obligations, if any, under the National Union Policy.

## SECOND CAUSE OF ACTION

### (Equitable Subrogation)

30. National Union incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth and pleaded herein.

31. National Union participated in funding the *Moyer* settlement, which is a primary obligation owed by TT Club, and thus a debt TT Club must satisfy.

32. National Union is not primarily liable for the *Moyer* settlement.

33. TT Club is primarily liable for the *Moyer* settlement.

34. National Union did not act as a volunteer.

35. National Union is in equity entitled to recover the debt from TT Club.

## THIRD CAUSE OF ACTION

### (Equitable Indemnification)

36. National Union incorporates by reference paragraphs 1 through 35, inclusive, as though fully set forth and pleaded herein.

37. TT Club had a primary obligation to indemnify Greatwide for the settlement paid in the *Moyer* action.

38. National Union's obligation to indemnify Greatwide for the settlement paid in the *Moyer* action is secondary to TT Club's primary obligation.

39. National Union has discharged TT Club's obligation to indemnify Greatwide, which is an obligation TT Club should have discharged.

40. In equity and good conscience, National Union is entitled to indemnification from TT Club for the payment made to indemnify Greatwide in the *Moyer* action.

## PRAYER FOR RELIEF

WHEREFORE, National Union prays that this Court enter judgment in National Union's favor and against TT Club by:

1. Adjudicating and declaring that the coverage provided by the TT Club Policy is primary to the coverage provided by the National Union Policy.

      2.      Awarding National Union equitable subrogation from TT Club in the amount of the settlement paid by National Union.

      3.      Alternatively, awarding National Union equitable indemnification from TT Club in the amount of the settlement paid by National Union.

      4.      Award such further relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Jennifer Nerone*
Jennifer Nerone (0080314)
Patrick Fredette (0080523), *pro hac vice motion to follow*
McCormick Barstow LLP
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520
(513) 762-7521 Fax
jennifer.nerone@mccormickbarstow.com
patrick.fredette@mccormickbarstow.com
*Attorney for Plaintiff National Union Fire Company of Pittsburgh, PA.*