UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff,

  v.

TT CLUB MUTAL INSURANCE, LTD,

    Defendant.

Civil Action 2:23-cv-3696
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on two motions by Plaintiff and Defendant to file certain portions of their forthcoming motions for summary judgment and supporting documents, and portions of a deposition of a third-party witness in support of Defendant's forthcoming motion for summary judgment under seal. (ECF Nos. 57, 58.) The parties' Joint Motion is **GRANTED**. (ECF No. 57.) Defendant's Motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 58.)

In their Joint Motion to file under seal (ECF No. 57), parties assert that certain portions of their forthcoming motions for summary judgment and supporting documents contain information that is confidential under the stipulated protective order. The Court has previously ordered sealing of the same or similar information in this case because it contains non-public and confidential information related to a settlement agreement and attorney-client privileged and work-product protected information, including case evaluation reports.

Based on the parties' representations, the Court concludes that the parties' filings contain confidential information that should be shielded from public access. Accordingly, the parties'

Joint Motion (ECF No. 57) is **GRANTED**. The parties may file their forthcoming motions for summary judgment and supporting documents **UNDER SEAL**.

The Court is mindful that sealing of documents should be narrowly tailored and no broader than necessary. *See Shane Grp., Inc. v. Blue Cross Blue Shield*, 835 F.3d 299, 305 (6th Cir. 2016). Accordingly, parties shall, **WITHIN SEVEN DAYS** of filing their motions for summary judgment, file a redacted version of those motions and supporting documents on the public docket, redacting only that information constituting the confidential information as described in their Motion to Seal (ECF No. 57).

Defendants also seek leave to file certain excerpts from the deposition of third-party witness Matthew Bates in support of its forthcoming motion for summary judgment under seal. (ECF No. 58.) In the motion, Defendant asserts that Mr. Bates' counsel has marked the deposition transcripts "Confidential" under the stipulated protective order. However, Defendant "does not view these deposition excerpts to contain confidential information that warrants sealing." (*Id.* at 2.)

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News– Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere*

*Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Defendant's Motion fails to meet the high standard set forth by the Sixth Circuit. Defendant does not assert the confidentiality of the deposition transcripts. Rather, third-party witness Mr. Bates does. Because Mr. Bates is asserting confidentiality of his deposition under the stipulated protective order in this case, he must have signed Attachment A to the protective order and agreed to be bound by its terms, including that he submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the protective order and that the proponent of the seal bears the burden of filing a properly supported motion for sealing. (*See* Protective Order ¶ 8, Attachment A, ECF No. 34.)

For the foregoing reasons, Defendant's Motion (ECF No. 58) is **DENIED WITHOUT PREJUDICE** to Mr. Bates filing a properly supported motion. Defendant is **DIRECTED** to immediately serve a copy of this Order on Mr. Bates. Mr. Bates is **ORDERED** to file a motion to seal his deposition transcript **WITHIN FOURTEEN DAYS** of the date of this Order.

If Mr. Bates does not file a motion for leave to file the deposition transcripts under seal within this timeframe, Defendant may file the unredacted versions of the deposition excerpts on the public docket without further leave of Court. Mr. Bates is further

3

**CAUTIONED** that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE